# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# Big Stone Gap Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **Case Nos. 2:08po00031-35** |
| **GARY SIDNEY RITTER,** ) | **ORDER** |
| **Defendant** ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was held in this matter on January 28, 2008. Based on the evidence presented, the undersigned found that the clear and convincing evidence showed that the defendant presented a danger to the community or others if released pending trial and, therefore, ordered that the defendant be detained pending trial. By motion filed January 31, 2008, the defendant asked the undersigned to reconsider the order of detention based on the grounds that his detention was not authorized under the Bail Reform Act and that additional evidence merited his release on appropriate conditions.

A hearing was held on the defendant's motion on February 4, 2008. At this hearing, counsel for the defendant argued that under the Bail Reform Act, 18 U.S.C. § 3142(f), the court may conduct a detention hearing and detain a defendant only if it finds that one of the six circumstances listed in §§ 3142(f)(1) and (2) exists. In response, counsel for the government argued that the language of §§ 3142(f)(1) and (2) set out the circumstances in which a detention hearing is required – not the only circumstances in which a detention hearing is authorized. Counsel for the government, nonetheless, urged the court to find that, assuming that defense counsel's argument

-1-

was correct, the detention of the defendant was justified under the specific facts of this case. Based on the arguments and representations of counsel and the evidence presented at both the January 28 and February 4, 2008, hearings, and for the reasons set forth below, the defendant's motion to reconsider his detention is **DENIED.**

The defendant in this case was arrested and brought before the court on January 28, 2008, charged with five petty offenses, the most serious of which is a charge of driving under the influence of alcohol in violation of 36 C.F.R. §4.23(a)(2). The arresting officers allege that the defendant's vehicle was stopped as he was attempting to back up against traffic to avoid a road check set up by the Virginia State Police within the confines of the Cumberland Gap National Historic Park on the evening of January 27, 2008. A Portable Breath Test administered at the scene showed the defendant's alcohol concentration in his breath to be 0.214 grams or more of alcohol per 210 liters of breath.

As stated in the January 28, 2008, Order of Detention, the defendant has at least nine prior convictions for driving under the influence, two of which appear to be felony convictions. At the time of the defendant's arrest, he was on probation for a 2007 conviction for driving under the influence. The defendant does not possess valid driving privileges, yet he owns and has access to at least one motor vehicle. Furthermore, the defendant admits that he is an alcoholic who consumes alcohol on a daily basis and has recently developed a problem with binge drinking. The defendant also has previous convictions for third degree assault, reckless endangerment, criminal possession of a weapon, possession of a loaded firearm, aggravated harassment and bail jumping. The defendant also previously has been

charged with another incident of bail jumping, resisting arrest on two different occasions and numerous assaults, the disposition of which are unknown to the court.

Based on this evidence, I find that the defendant presents a serious risk of flight. I further find that the defendant presents a danger to the community in that there are no conditions or combination of conditions of pretrial release that the court may impose to reasonably assure that the defendant does not endanger the community by driving under the influence of alcohol. In reaching this finding, the most persuasive evidence before the court is the evidence that the defendant was on probation, a form of court-ordered supervision, for driving under the influence at the time it is alleged that he committed these offenses.

While the undersigned is aware that at least three circuit courts of appeal and one of my fellow magistrate judges in this district have ruled to the contrary, *see United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Himler*, 797 F.2d 156 (3rd Cir. 1986); *United States v. Powers*, 318 F. Supp. 2d 339 (W.D. Va. 2004), I am of the opinion that the plain language of the Bail Reform Act authorizes the court to detain a defendant when the clear and convincing evidence shows that the defendant presents a danger to the community and the court finds that there are no conditions or combination of conditions which the court may impose upon the defendant which will protect the community. *See United States v. Megahed*, 519 F. Supp. 2d 1236 (M.D. Fla. 2007). In particular, the plain language of § 3142(a) states that when a person charged with an offense is brought before a judicial officer, the officer may release the person on personal recognizance or unsecured appearance bond, release the person on pretrial

release subject to conditions, temporarily detain the person or detain the person pending trial pursuant to §3142(e). Section 3142(e) states that if, "after a hearing pursuant to the provisions of subsection (f) of this section," the judicial officer finds that no condition or combination of conditions will reasonably assure the safety of the community, the judicial officer shall detain the person pending trial. 18 U.S.C.A. §3142(e) (West 2000 & Supp. 2007).

Section 3142(f) sets forth certain procedures to be followed by the court in holding a detention hearing. In addition, § 3142(f) states:

> ...The judicial officer *shall* hold a hearing to determine whether any condition or combination of conditions ... will reasonably assure the appearance of such person as required and the safety of any other person and the community –
> 
> > (1) upon motion of the attorney or the Government, in a case that involves –
> > (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> > (B) an offense for which the maximum sentence is life imprisonment or death;
> > (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
> > (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal

-4-

>>jurisdiction had existed, or a combination of such offenses; or
>>(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or
> (2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves–
>>(A) a serious risk that such person will flee; or
>>(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C.A. §§ 3142(f)(1)-(2) (West 2000 & Supp. 2007) (emphasis added). Defense counsel, and the courts which have adopted his reasoning, read §§ 3142(e) and (f) as prescribing that a detention hearing may be held only in cases which involve the five categories of crimes listed in § 3142(f)(1) or when the case involves a serious risk that the defendant will flee or will obstruct justice or pose a danger to a prospective witness or juror. I do not. According to Webster's II New College Dictionary, "shall" is most often used to express inevitability, a command, a directive or a requirement. *See* WEBSTER'S II NEW COLLEGE DICTIONARY 1014 (2001). In fact, Webster's lists "must" as the synonym for "shall." Therefore, I believe the use of "shall" in § 3142(f), means that the court *must* conduct detention hearings in certain cases before the defendants in those case may be released.

Case 2:08-po-00034-PMS   Document 11   Filed 02/07/08   Page 5 of 6   Pageid#: 11

All that being said, I agree with the government's argument that the defendant should be detained even if the court were to construe § 3142(f) as allowing detention only in certain cases. Even under such a reading of the statute, a detention hearing would be permitted in any case that involved a serious risk of flight. Based on the defendant's prior conviction for bail jumping, I have found that a serious risk of flight exists in this case. Having so found, I may detain the defendant based on my finding under § 3142(e) that there is no condition or combination of conditions that the court might impose that would reasonably assure the safety of the community if the defendant were released pending trial. *See Megahed*, 519 F. Supp. 2d at 1248.

Therefore, it is **ORDERED** that the defendant shall remain detained pending his trial, which has been scheduled for 1 p.m., February 20, 2008, in Big Stone Gap.

Dated: February 6, 2008.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE